**TYSON & MENDES LLP**
SCOTT R. COOK
Nevada Bar No. 5265
Email: scook@tysonmendes.com
VICTORIA L. HIGHTOWER
Nevada Bar No. 10897
Email: vhightower@tysonmendes.com
170 South Green Valley Pkwy, Suite 300
Henderson, NV 89012
Tel: (702) 724-2648
Fax: (702) 410-7684
*Attorneys for Defendant*
*Pink Jeep Tours Nevada Inc.*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| PEDRO DELGADO, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>PINK JEEP TOURS NEVADA INC., a Domestic Limited Liability Company; DOE Employees 1-10; DOE Individuals 11-20; and ROE Corporations 21-30,<br><br>Defendants. | Eighth Judicial District Court<br>Case No. A-21-835744-C<br>Dept. No. 14<br><br><br>**DEFENDANT PINK JEEP TOURS NEVADA INC.'S PETITION FOR REMOVAL OF CIVIL ACTION** |

TO: THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEVADA

In accordance with 28 U.S.C. §§ 1331, 1332, 1441 and 1446, Defendant PINK JEEP TOURS NEVADA INC. ("Defendant"), by and through counsel, the law firm Tyson & Mendes LLP, hereby removes to this Court, Case No. A-21-835744-C, currently pending in Department No. Fourteen of the Eighth Judicial District Court, Clark County, Nevada (the "Action"). The removal of the Action is based on the following grounds:

1. On June 4, 2021, Plaintiff Pedro Delgado filed his Complaint in the Eighth Judicial District Court, in Las Vegas, Clark County, Nevada, asserting the following causes of action against Defendant Pink Jeep Tours Nevada Inc.: (1) Negligence;(2) Negligent Hiring, Training and Supervision; and (3) Respondeat Superior. A copy of Plaintiff's Complaint is attached as **Exhibit A**, hereto.

2.   On June 9, 2021, Defendant was served with a copy of the Summons and Complaint at their Registered Agent located at 701 S. Carson St., Suite 200, Carson City, NV 89701. Pursuant to 28 U.S.C. § 1446(b), this Petition is timely filed.

3.   Based upon the Complaint, this Court has original jurisdiction over the action pursuant to 28 U.S.C. §1332(a).  Plaintiff is an individual and a citizen of State of Florida. Defendant is a Nevada corporation, with its headquarters in the State of Nevada.  Therefore, complete diversity exists in this matter.

4.   Plaintiff complains he injured his knee as a result of the incident.

5.   Plaintiff's Complaint asserts that Plaintiff has incurred "physical injuries, some of which may be permanent and disabling, and experienced significant pain and suffering." Complaint, ¶25. As such, the amount in controversy exceeds the $75,000 statutory minimum amount.

6.   Defendant has not yet responded to the Complaint.

7.   Defendant is the sole named defendant in Plaintiff's Complaint other than fictitious "DOE Defendants".

8.   A true and correct copy of this Notice of Removal is being filed this date with the Clerk of the Eighth Judicial District Court of the State of Nevada, in and for the County of Clark.

DATED this 1st day of July, 2021.

TYSON & MENDES LLP

*/s/ Victoria L. Hightower, Esq._____*
SCOTT R. COOK
Nevada Bar No. 5265
VICTORIA L. HIGHTOWER
Nevada Bar No. 10897
170 South Green Valley Pkwy, Suite 300
Henderson, NV 89012
*Attorneys for Defendant*
*Pink Jeep Tours Nevada, Inc.*

**CERTIFICATE OF SERVICE**

The undersigned, an employee of Tyson & Mendes LLP, hereby certifies that on the 1st day of July, 2021, she served a copy of **DEFENDANT PINK JEEP TOURS NEVADA INC.'S PETITION FOR REMOVAL OF CIVIL ACTION**, **by email**, and **by placing said copy in an envelope**, postage fully prepaid, in the U.S. Mail at Las Vegas, Nevada, said envelope addressed to:

Jamie S. Cogburn, Esq.
Joseph J. Troiano, Esq.
COGBURN LAW
2580 St. Rose Pkwy, Suite 330
Henderson, NV 89074

*Attorneys for Plaintiff*
*Pedro Delgado*

*/s/ Allison Zeason*
An employee of Tyson & Mendes LLP

**INDEX OF EXHIBITS**

| EXHIBIT | NAME OF EXHIBIT | PAGE NUMBER |
|---------|----------------|-------------|
| A | Plaintiff's Complaint filed in Eighth Judicial District Court for Clark County, Nevada | 1 - 7 |

3

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

170 South Green Valley Parkway, Suite 300
Henderson, Nevada 89012

# **<u>EXHIBIT "A"</u>**

Electronically Filed
6/4/2021 11:03 AM
Steven D. Grierson
CLERK OF THE COURT

COGBURN LAW
Jamie S. Cogburn, Esq.
Nevada Bar No. 8409
jsc@cogburncares.com
Joseph J. Troiano, Esq.
Nevada Bar No. 12505
jjt@cogburncares.com
2580 St. Rose Parkway, Suite 330
Henderson, Nevada 89074
Telephone: (702) 748-7777
Facsimile: (702) 966-3880
*Attorneys for Plaintiff*

CASE NO: A-21-835744-C
Department 14

**DISTRICT COURT**

**CLARK COUNTY, NEVADA**

| | |
|---|---|
| PEDRO DELGADO, an individual, | Case No.: |
| Plaintiff, | Dept. No.: |
| vs. | **COMPLAINT** |
| PINK JEEP TOURS NEVADA, INC., a Domestic Limited Liability Company; DOE Employees 1-10; DOE Individuals 11–20; and ROE Corporations 21–30, | |
| Defendants. | |

Plaintiff, Pedro Delgado, by and through counsel, Cogburn Law, alleges as follows:

**PARTIES, JURISDICTION, VENUE**

1.      At all times relevant hereto, Plaintiff Pedro Delgado ("Plaintiff"), was, and continues to be, an individual residing in the state of Florida.

2.      Upon information and belief, Defendant Pink Jeep Tours Nevada, Inc. ("Defendant") is always a domestic corporation and relevant herein has been authorized to do business in Clark County, Nevada.

3.      Defendants named, referenced or designated herein as Doe Employees 1–10 are individuals whose true names and capacities are unknown to the Plaintiff and are, therefore, sued

Page 1 of 7

COGBURN LAW
2580 St. Rose Parkway, Suite 330, Henderson, Nevada 89074
Telephone: (702) 748-7777 | Facsimile: (702) 966-3880

by their fictitious names. Upon information and belief, each of these Defendants is responsible in some manner for the events and happenings referenced herein and, in some manner, caused the injuries and damages arising proximately from the subject incident described further herein. Plaintiff will seek leave to amend this Complaint as the true identities of these individuals become known.

4.    Defendants named, referenced or designated herein as Doe Individuals 11–20 are individuals whose true names and capacities are unknown to the Plaintiff and are, therefore, sued by their fictitious names. Upon information and belief, each of these Defendants is responsible in some manner for the events and happenings referenced herein and, in some manner, caused the injuries and damages arising proximately from the subject incident described further herein. Plaintiff will seek leave to amend this Complaint as the true identities of these individuals become known.

5.    Defendants designated as Roe Corporations 21–30 are entities whose true names and capacities are unknown to Plaintiff and are, therefore, sued by their fictitious names. Upon information and belief, each of these Defendant entities is responsible in some manner for the events and happenings referenced herein and, in some manner, caused the injuries and damages as herein alleged. Plaintiff will seek leave to amend this Complaint as the true identities of these entities become known.

6.    All acts and occurrences giving rise to this action took place in Clark County, Nevada.

7.    Nevada courts hold personal jurisdiction over the Defendants pursuant to the Defendants' Nevada residency and citizenship as well as the Defendants' purposeful contacts with the State of Nevada.

8.    Venue in the Eighth Judicial District Court in and for the County of Clark, State of Nevada, is proper pursuant to NRS 13.040.

COGBURN LAW
2580 St. Rose Parkway, Suite 330, Henderson, Nevada 89074
Telephone: (702) 748-7777 | Facsimile: (702) 966-3880

**ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

9. Plaintiff incorporates by reference each and every allegation previously made in this Complaint as if fully set forth herein.

10. On or around June 30, 2019, Plaintiff was a patron and/or invited guest of a tour with Pink Jeep Tours Nevada, Inc. to sightsee different outdoor tourist attractions ("subject vehicle").

11. Upon information and belief, the subject vehicle is owned, designed, operated, maintained, managed and/or controlled by Defendant and related unknown entities designated as Roe Corporations 21-30.

12. While exiting from the rear the subject vehicle on June 30, 2019, Plaintiff slipped and fell to the ground.

13. The subject vehicle was not equipped with any handrails assisting Plaintiff off the subject vehicle and Plaintiff was not assisted down the steps by the driver of the subject vehicle.

14. Patrons in the subject vehicle are entitled to a reasonable expectation that Defendants would provide adequate safety measures to assist patrons exiting the rear of the subject vehicle, including providing handrails and the assistance from Defendant's employee(s).

15. Defendants, despite its duty to provide adequate safety measures to assist patrons exiting the rear of the subject vehicle failed to do so by not providing any handrails and not providing assistance from any of Defendant's employee(s).

16. As a result of Defendants' failure to act reasonably by providing safety measures in assisting Plaintiff exiting the rear of the subject vehicle, directly leading to the harms and losses sustained by Plaintiff.

17. Had Defendants acted reasonably and provided adequate safety measures, the harms and losses sustained by Plaintiff would not have occurred.

COGBURN LAW
2580 St. Rose Parkway, Suite 330, Henderson, Nevada 89074
Telephone: (702) 748-7777 | Facsimile: (702) 966-3880

18.     As a result of the required medical care and treatment related to the subject incident, Plaintiff has necessarily incurred associated medical costs in excess of $15,000.00 and may yet incur future medical costs pertaining to future care and treatment.

19.     Plaintiff's injuries, associated care, and recovery have caused, and may continue to cause her to experience pain and suffering.

**FIRST CAUSE OF ACTION**

**(Negligence against all Defendants)**

20.     Plaintiff incorporates by reference each and every allegation previously made in this Complaint as if fully set forth herein.

21.     Defendants knew, or should have known, failing to provide adequate safety measures to patrons when exiting the rear of the subject vehicle would create a foreseeable risk of harm to patrons.

22.     Defendants knew, or should have known, failing to provide adequate safety measures to patrons when exiting the rear of the subject vehicle would create a foreseeable risk of harm to patrons.

23.     Defendants had a duty to Plaintiff to provide him with adequate safety measures when exiting the rear of the subject vehicle including providing handrails and the assistance from Defendant's employee(s).

24.     In failing to provide adequate safety measures to patrons when exiting the rear of the subject vehicle, Defendants breached their above-mentioned duty, thereby creating a dangerous condition to Plaintiff when exiting the subject vehicle.

25.     As a direct and proximate result of the Defendants' breach of their above-described duty to Plaintiff, Plaintiff incurred physical injuries, some of which may be permanent and disabling, and experienced significant pain and suffering.

**COGBURN LAW**
2580 St. Rose Parkway, Suite 330, Henderson, Nevada 89074
Telephone: (702) 748-7777 | Facsimile: (702) 966-3880

26.     As a direct and proximate result of these injuries, Plaintiff reasonably sought appropriate medical care and treatment and was required to incur the costs and expenses incidental thereto in an amount in excess of $15,000.00.

27.     Plaintiff may yet require future medical care and treatment as a result of the injuries sustained in the above-described subject incident and will necessarily incur the costs and expenses associated therewith.

28.     The physical injuries and damage to Plaintiff, which may be permanent and disabling in nature, have caused and may continue to cause Plaintiff significant pain and suffering.

29.     As a result of the above-mentioned injuries, Plaintiff has been required, and may yet be required to seek medical care and treatment.

30.     Plaintiff's injuries have caused and may yet continue to cause Plaintiff to experience significant suffering.

31.     Plaintiff's harms and losses, to be fully set forth and proven at trial, were proximately caused by Defendants' negligence.

32.     As a direct and proximate result of Defendants' negligence as described herein, Plaintiff has been required to retain the services of an attorney, and therefore, is entitled to recover reasonable attorney fees, costs of suit, and pre- and post-judgment interest, as applicable.

## SECOND CAUSE OF ACTION

### (Negligent Hiring, Training and Supervision against Defendants)

33.     Plaintiff incorporates by reference each and every allegation previously made in this Complaint as if fully set forth herein.

34.     Defendants owed a duty of care to Plaintiff to use reasonable care in the hiring, training and supervising individuals hired to assist patrons exit the rear of the subject vehicle.

35.     Defendants knew, or should have known, Doe Employees 11-20 were unfit to safely perform its duty to assist patrons exiting the rear of the subject vehicle.

COGBURN LAW
2580 St. Rose Parkway, Suite 330, Henderson, Nevada 89074
Telephone: (702) 748-7777 | Facsimile: (702) 966-3880

36.     Defendants breached their duty to Plaintiff by failing to reasonably hire, train, and supervise Doe Employees 11-20 regarding the duty to assist patrons exiting the rear of the subject vehicle.

37.     As a proximate result of Defendants' breach of their duties, Doe Employees 11-20 caused the subject incident described herein, causing Plaintiff's injuries.

38.     As a proximate result of the subject incident, Plaintiff was injured, causing his pain and suffering of both body and mind.

39.     Plaintiff reasonably sought medical care and treatment to relieve the pain and injury she sustained in the subject incident, incurring medical costs and charges incidental to such treatment.

40.     Plaintiff has been forced to retain the services of an attorney to represent them in this action, and, therefore, is entitled to recover reasonable attorney fees and costs of litigation.

### THIRD CAUSE OF ACTION

**(Respondeat Superior against Defendant and Roe Corporations 21-30)**

1.      Plaintiff incorporates by reference each and every allegation previously made in this Complaint as if fully set forth herein.

2.      Doe Employees 11-20 were employees of Defendant and/or Roe Corporations 21-30, and at the times of the subject incident described herein, were acting within the course and scope of their employment.

3.      Doe Employees 11-20's liability to Plaintiff for injuries sustained in the subject incident described herein as fully and wholly imputed to Defendant and/or Roe Corporations 21-30 employing Doe Employees 11-20, pursuant to the doctrine of respondeat superior.

4.      As a further direct and proximate result, Plaintiff has incurred expenses for medical care and treatment in an amount to be proven at trial.

COGBURN LAW
2580 St. Rose Parkway, Suite 330, Henderson, Nevada 89074
Telephone: (702) 748-7777 | Facsimile: (702) 966-3880

5.     Plaintiff has been forced to retain the services of an attorney to represent them in this action, and, therefore, is entitled to recover reasonable attorney fees and costs of litigation.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff prays for the judgment of this Court as follows:

1.     General damages for past and future harms and losses in an amount in excess of $15,000.00;

2.     Special damages for past and future harms and losses in an amount in excess of $15,000.00;

3.     Costs of suit, pre-judgment interest, post-judgment interest, attorney fees; and

4.     Such other and further relief as is just and proper.

Dated this 4th day of May, 2021.

COGBURN LAW


By:____/s/Joseph J. Troiano_____
        Jamie S. Cogburn, Esq.
        Nevada Bar No. 8409
        Joseph J. Troiano, Esq.
        Nevada Bar No. 12505
        2580 St. Rose Parkway, Suite 330
        Henderson, Nevada 89074
        *Attorneys for Plaintiff*

**COGBURN LAW**
2580 St. Rose Parkway, Suite 330, Henderson, Nevada 89074
Telephone: (702) 748-7777 | Facsimile: (702) 966-3880